IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | 3:92-CR-499-T(01) |
| | ) | (3:06-CV-0512-N) |
| ARTHUR JARROD JACKSON, | ) | |
| #24173-077, | ) | |
|     Defendant/Movant. | ) | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a motion to vacate, set aside or correct the sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is an inmate in the federal prison system. He is presently incarcerated at the Federal Medical Center in Lexington, Kentucky. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Following his plea of not guilty, a jury convicted Movant of multiple drug and firearm offenses in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 924(c) and 922(g). Punishment was assessed at a total of 420 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. United States v. Jackson, No. 94-10523 (5th Cir. Sep. 27, 1995). Movant also filed a

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The District Court dismissed the motion on limitations grounds. United States v. Jackson, No. 3:02cv0617-R (N.D. Tex. Jul. 1, 2002), appeal dism'd, 02-10967 (5th Cir. Apr. 2, 2003). On January 12, 2006, Movant filed a motion to preserve a potential Booker claim for collateral review.[1] The District Court construed the motion as a § 2255 motion and dismissed it without prejudice pending authorization from the Court of Appeals to file a successive motion in the District Court.

In this § 2255 motion, Movant again challenges his conviction and sentence. He alleges as follows:

(1) the government improperly withheld evidence when it failed to inform him that the government had entered into an agreement with co-defendant Tina Lewis for her testimony against Movant at trial;

(2) the prosecutor knowingly allowed Tina Lewis to commit perjury;

(3) the prosecutor improperly vouched for the credibility of Tina Lewis, its main witness;

(4) the government's failure to disclose that it had entered into a plea agreement with Tina Lewis amounted to a government created impediment;

(5) appellate counsel rendered ineffective assistance when he failed to raise on direct appeal an issue under United States v. Bellazerius, 24 F.3d 698 (5th Cir. 1994) -- namely that Movant's aiding and abetting offense was improperly used as a predicate to subject Movant to the career offender provisions of the United States Sentencing Guidelines;

(6) counsel was ineffective when he failed to raise at sentencing and on direct appeal the difference between crack and powder cocaine;

(7) Movant's conviction for using and carrying a firearm during and in relation to a drug trafficking crime was invalid in light of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995);

(8) Movant's sentence exceeded the statutory maximum penalty of twenty years applicable to drug counts in which a quantity is not alleged in the indictment under

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 759 (2005).

2

Apprendi v. New Jersey,___ U.S. ___, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). (Memorandum in Support attached to § 2255 Mot. at 12-41).

Findings and Conclusions:  This motion to vacate sentence is subject to the screening provisions set out in 28 U.S.C. § 2255, ¶ 8, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. See In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996).  That section provides that a second or successive motion filed by a person attacking a sentence under § 2255 "must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals" before it can be heard in the district court. See 28 U.S.C. § 2255, ¶ 8; 28 U.S.C. § 2244(b)(3)(A); In re Elwood, 408 F.3d 211, 212 (5th Cir. 2005).  In United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit stated that "'§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until . . . [the Fifth Circuit] has granted the petitioner permission to file one.'" See also Crone v. Cockrell 324 F.3d 833, 836 (5th Cir. 2003).

In general, "a later petition is successive when it:  1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." Crone, 324 F.3d at 836-37 (citing In re Cain, 137 F.3d 234, 235 (5th Cir.1998)); see also United States v. Gibbs, 82 Fed. Appx. 879, *880, 2003 WL 22945656, *1 (5th Cir. 2003) (unpublished per curiam) (applying In re Cain in the context of a second or successive § 2255 motion); Barr v. United States, 2003 WL 1113252, *1 (5th Cir. 2003) (unpublished per curiam) (same).

The facts underlying Movant's fifth, sixth, seventh, and eighth grounds, relating to sentencing issues and the ineffective assistance of counsel at sentencing and on direct appeal,

3

occurred before Petitioner filed his initial federal habeas petition. These claims were, thus, available to him when he filed his initial federal petition and could have been raised in that petition, but Petitioner failed to do so. As a result these grounds are second or successive. Crone, 324 F.3d at 836-37 (federal petition is successive when it raises a claim that could have been raised in an earlier petition).[2]

The same holds true with respect to the remaining grounds (grounds 1-4) which relate primarily to Co-defendant Tina Lewis's testimony at trial.

Relying on 28 U.S.C. § 2255 ¶ 6(2), Movant argues that the present motion is timely filed because the "government's failure to correct Tina Lewis's perjured testimony, and [the government's act of] concealing the fact that she had indeed entered into a plea agreement, contrary to her testimony, was a government created impediment which prevented [Movant] from submitt[ing] a timely § 2255 motion." (Memorandum in Support at 8).[3] Relying on ¶ 6(4), Movant argues that, even though he "diligently pursued court records in an attempt to ascertain facts to support claims to raise in his § 2255 motion, [he] did not discover the fact that Tina Lewis committed perjury during her trial testimony until" March 25, 2005, when his sister

---

[2]  Although Movant's first § 2255 motion was dismissed as time barred, such a dismissal constituted an adjudications on the merits for purposes of the gate-keeping rules on second or successive petitions. See Villanueva v. United States, 346 F.3d 55, 61(2nd Cir. 2003); Donaldson v. United States, 2003 WL 22959502, No. 01-cv-1061 (N.D. N.Y. Oct. 27, 2003); see also Quimby v. United States, No. 3:05cv0440-H (N.D. Tex. May 20, 2004), findings, conclusions and recommendation adopted June 3, 2004; Anders v. Cockrell, 2003 WL 102615 at *2, 3:02cv2513-N (N.D. Tex. Jan. 08, 2003) (addressing issue in the context of a state habeas corpus petition).

[3]  Paragraph 6(2) provides that the one-year statutory period for filing a § 2255 motion runs from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action."

accidentally discovered documents related to Tina Lewis's plea agreement. (Id.).[4]

The Court need not resolve at this juncture Movant's assertion that his § 2255 motion is timely filed. While paragraph 6 with all of its subsections is applicable to "'all motions' under § 2255, initial motions as well as second or successive ones," see Dodd v. United States, ___ U.S. ___, 125 S.Ct. 2478, 2482-2483 (2005) (addressing paragraph 6(3) of § 2255), it does not obviate the leave-to-file requirement for second or successive motions found in § 2255 ¶ 8.[5]

In light of the successive nature of the present § 2255 motion, this court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. See United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999). Therefore, this § 2255 motion should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for

---

[4] Paragraph 6(4) provides that the one-year limitation period runs from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[5] Moreover, some courts in the Northern District have held that the successive nature of one or more claims renders the whole § 2255 motion or habeas corpus petition successive for purposes of the AEDPA and, thus, subject to transfer to the Fifth Circuit Court of Appeals, or to dismissal without prejudice to satisfy the pre-filing authorization requirement. See Gaines v. Dretke, 2005 WL 1540192 (N.D. Tex., Dallas Div., Jun. 30. 2005) (No. 3:04cv1185-D), findings and recommendation adopted, 2005 WL 1799518 (N.D. Tex. Jul. 27, 2005) ("A 'mixed-application' that contains both claims that could have been raised previously and claims that could not have been so raised is nevertheless successive"); Leonard v. Dretke, 2004 WL 741286, *3 (N.D. Tex. Apr. 5, 2004) (3:02cv0578-H) (same), findings and recommendation, adopted (N.D. Tex. Jul. 27, 2005); Cooper v. Cockrell, 2003 WL 21517824, at *2 (N.D. Tex. 2003) (No. 3:03cv0596-L) (holding in the context of a habeas corpus petition under 28 U.S.C. § 2254 that the "Court does not parcel out and decide claims from a successive petition, even those claims that could not have been raised previously.").
Under this approach the fact that Movant's first four claims may have been unavailable when he filed his first § 2255 motion is immaterial. An application is either successive or not.

the Fifth Circuit pursuant to § 2244(b)(3)(A). See <u>In re Epps</u>, 127 F.3d 364, 364 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals); <u>see also</u> <u>In re Tolliver</u>, 97 F.3d 89, 90 (5th Cir. 1996).[6]

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 be dismissed without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

The Clerk will mail a copy of this recommendation to Movant.

Signed this 8th day of May, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and

---

[6] To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; <u>see</u> <u>In re Elwood</u>, 408 F.3d 211, 212 (5th Cir. 2005) (per curiam).

conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.